FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 JAN 25 PM 3: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JAN 25 2000

| | | |
|---|---|---|
| ASHLEY HARTMANN, *etc.*, | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 99-AR-2033-S |
| SCANDIPHARM, INC., *et al.*, | } | |
| Defendants. | } | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CODY FRENCH, *etc.*, | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 99-AR-2043-S |
| v. | ) | |
| SCANDIPHARM, INC., *et al.*, | ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ANZIO PEDROLINI, *etc.*, | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 99-AR-2044-S |
| v. | ) | |
| SCANDIPHARM, INC., *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Before the court are defendants' motions to transfer venue in the above-styled cases. The motions are considered together because the issues in all three cases are the same, the only difference being the place of residence of one of the plaintiffs. For the reasons set forth below, defendants' motions are due to be denied.[1]

**DISCUSSION**

District courts have broad discretion in deciding whether to transfer an action to an allegedly more convenient forum. Generally, when a plaintiff's chosen venue is proper, the defendant has the burden of demonstrating that the action should be transferred for *forum non conveniens*.

Defendants argue here that plaintiffs' choice of this forum should not be given deference because plaintiffs did not select the venues closest to their places of residence. The court agrees that defendants' burden is reduced when plaintiffs' choice of forum is not the location of their residence. But it is only reduced,

---

[1] In addition to the motions to transfer venue, defendants also originally filed several other motions including (1) motions challenging personal jurisdiction, and (2) motions to dismiss for failure to state a claim under Rule 12(b)(6). Subsequently, defendants filed motions to withdraw these additional motions, leaving for the court's consideration only the venue question. Defendants' motions to withdraw their "jurisdiction" and "12(b)(6)" motions are due to be granted. Thus, court has only considered the motions to transfer.

not eliminated. The burden is still on defendants to come forward with substantial reasons to uproot plaintiffs. If the proposed transfers would merely shift the inconvenience from one party to the other, or if the balance of all factors is only slightly in favor of the movant, plaintiffs' choice of venue should stand.

Here, in support of their motions to transfer, defendants' only discernable argument is that the court will be unable to compel certain material witnesses to appear from out of state, and that this will hurt the presentation of defendants' case. This court agrees with defendants that this is a significant issue, but disagrees that it should be dispositive in the context of all the countervailing interests. Weighing against defendants' argument are several factors.

First, this court is not certain that the witnesses defendants say they would like to examine before a jury will be unwilling to appear personally and voluntarily, at least in some instances. They may very well be willing to travel in support of plaintiffs, and defendants, in such event, may prefer not to see them. In addition, the availability of videotaped deposition testimony greatly reduces the possible detriment to defendants in this regard.

Even more important is the fact that plaintiffs will suffer

severe inconvenience and expense if the three cases are divided between forums. The cases logically should be tried in one courthouse before one judge. Plaintiffs correctly point out that judicial economy demands that the cases are tried together because they are complex, require the same expert scientific testimony, and involve almost identical facts. How many *Daubert* hearings are needed? The court can see no reason why three different judges and juries should be required to grapple with difficult issues that can and should be handled by one judge and one jury.

Plaintiffs picked this forum because Scandipharm, Inc., a significant party with material witnesses relevant in all three cases, is located in Birmingham, Alabama, where the court sits. Significantly, Scandipharm does not join in the motions to transfer. Its silence speaks volumes.

CONCLUSION

Based on the reasons set forth above, the deference to plaintiffs' choice of forum should be honored, and the motions to transfer will be denied. An appropriate order will be separately entered.

DONE this 25th day of January, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE